UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEROME JONES,                    )
                                 )
         Petitioner,             )
                                 )
    vs.                          )    Case No. 4:15CV475 JCH
                                 )
TROY STEELE,                     )
                                 )
         Respondent.             )

# MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Jerome Jones' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The motion is fully briefed and ready for disposition.

On November 13, 2009, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of two counts of murder in the first degree, one count of robbery in the first degree, one count of assault in the first degree, and four counts of armed criminal action. On December 18, 2009, Petitioner was sentenced to life imprisonment without the possibility of probation or parole on each of the murder counts, life imprisonment on both the robbery and assault counts, and thirty years imprisonment on each of the armed criminal action counts, with all sentences to run concurrently. The Missouri Court of Appeals affirmed the convictions and sentence. *State v. Jones*, 329 S.W.3d 405 (Mo. App. 2011). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of post-conviction relief. *Jones v. State*, 436 S.W.3d 244 (Mo. App. 2014).

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following two claims for relief:

(1) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to challenge the race-neutral reasons offered by the State as grounds for peremptorily striking three African-American venirepersons; and

(2) That the trial court erred in overruling Petitioner's objection to the State's use of a bank robbery hypothetical to explain the principle of accomplice liability to the venire panel during voir dire.

The Court will address the claims in turn.

## DISCUSSION

**I. Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to challenge the race-neutral reasons offered by the State as grounds for peremptorily striking three African-American venirepersons. (§ 2254 Petition, PP. 6-7). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> 2. In order to establish ineffective assistance of counsel, a movant must establish that: 1) his counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would have provided under the circumstances; and 2) that he was thereby prejudiced. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct,. 2052, 80 L.Ed.2d 674 (1984); Williams v. State, 168 S.W.3d 433, 439 (Mo.banc 2005); Wilkes v. State, 82 S.W.3d 925, 927 (Mo.banc 2002). If movant fails to satisfy either prong of the test the other need not be considered. Buckner v. State, 35 S.W.3d 417, 420 (Mo.App.W.D. 2000). Movant must overcome a strong presumption that counsel's conduct was reasonable and effective to meet the first prong of the Strickland test. Zink v. State, 278 S.W.3d 170, 176 (Mo. 2009). If it is easier to dispose of the ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed. Demonstrating that the alleged error had some conceivable effect on the outcome of the trial is not sufficient. Strong v. State, 263 S.W.3d 636, 647 (Mo. banc 2008). To demonstrate prejudice movant must establish that but for counsel's error there is a reasonable probability that the outcome of the proceeding would have been different. Wilkes, supra; Sidebottom v. State, 781 S.W.2d 791, 796 (Mo.banc 1989). Movant faces a heavy burden in establishing a claim for ineffective assistance of counsel.

Not only must the movant prove his or her allegations by a preponderance of the evidence, but the movant must overcome the court's presumption that counsel is competent. Yoakum v. State, 829 S.W.2d 685, 687 (Mo.App. 1993)….

4. Movant's[1] final allegation is that his trial counsel was ineffective for failing to challenge the State's reasons for its peremptory strikes of the African-American venire women Sarah Petty, Kenora Dailey and LaToya Foster as pretexts for racial discrimination. (Tr. 196, 198-99). Trial counsel challenged all three women pursuant to Batson v. Kentucky. Movant states that a crucial fact a trial court should consider is whether there are similarly situated jurors of a different race whom the prosecutor did not strike. State v. Weaver, 912 S.W.2d 499, 509 (Mo. banc 1995). Additionally, the trial court must consider the degree of logical relevance between the proffered reasons and the case on trial, the prosecutor's credibility based on the prosecutor's statements during voir dire and the court's past experiences with that prosecutor, and the demeanor of the excluded jurors. State v. Johnson, 220 S.W.3d 377, 388 (Mo.App.E.D. 2007). Movant states that trial counsel did not respond to the State's reasons for peremptorily striking venire women Petty and Dailey and responded only to the State's reasons for peremptorily striking venire woman Foster by saying he did not see her make any faces at Ms. Orwick, the prosecuting attorney. (Tr. 201) Movant alleges that although trial counsel later timely filed a new trial motion alleging the trial court's decision to overrule his Batson challenges was error, and appellate counsel raised the assignment of error on appeal to the Court of Appeals, the appellate court declined [to] review the error. The Court of Appeals found that the failure to challenge the state's race neutral explanations for its peremptory strikes waived the Batson challenge and preserved nothing for appeal. State v. Washington, 288 S.W.3d 312, 317 (Mo.App.E.D. 2009) (quoting State v. Taylor, 944 S.W.2d 925, 934 (Mo.banc 1997)). If the defendant fails to challenge the state's explanation of the peremptory strike as a pretext and simply relies on general or conclusory allegations about the state's reasoning, no effective Batson challenge has been made, and nothing is preserved for appeal. State v. Williams, 24 S.W.3d 101, 121 (Mo.App.W.D. 2000).

This Court finds that this allegation is without merit and denied. Claims that trial counsel was ineffective for failing to raise a Batson challenge at trial are cognizable in a Rule 29.15 motion. In a proper case failure to object to improper jury selections methods could constitute ineffective assistance affecting the fairness of a criminal trial. State v. Scott, 183 S.W.3d 244, 247-48 (Mo.App.E.D. 2005). However, it is well-settled that post-conviction relief based on ineffective assistance of counsel is limited to errors which prejudiced a movant by denying that movant the right to a fair trial. If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice that course should be followed. To satisfy the prejudice prong of the Strickland analysis a movant must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Demonstrating that the alleged error had some conceivable effect on the outcome of the trial is not sufficient. In order to avail himself of a

---

1 Petitioner is referred to as "Movant" by both the 29.15 post-conviction motion court and the Missouri Court of Appeals.

presumption of prejudice movant must establish that the errors complained of resulted in a trial by a jury that was not fair and impartial. Strong v. State, supra at 647 citing Strickland, supra. A movant is entitled to a presumption of prejudice resulting from counsel's ineffective assistance during the jury selection process only if the movant can show that a biased venireperson ultimately served on the jury. Strong, citing State v. Scott, supra; State v. Colbert, 949 S.W.2d 932, 944 (Mo.App. 1997). There has been no allegation that biased venirepersons ultimately served on the jury in the instant case. As the Missouri Supreme Court observed in Strong at 648, at most Movant could only demonstrate that qualified venirepersons were excluded from the jury. Accordingly, this allegation is without merit and denied. This Court also notes that failure to preserve error for appellate review is not cognizable in a Rule 29.15 motion. Strong, at 646.

(Resp.'s Exh. F, PP.60-61, 73-76). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In the course of selecting the jury, the State used its peremptory strikes to remove three African American women from the panel. Movant's trial counsel challenged those strikes pursuant to *Batson v. Kentucky*.[2] The State then offered explanations for why the strikes were race neutral. For each strike, the trial court asked counsel if he had a response to the State's explanation. The only response given by trial counsel addressed the State's allegation that one of the reasons it struck juror 912 was because she gave the prosecutors antagonistic looks. Trial counsel stated he did not see the juror "make…faces" at the prosecutors. The State then identified a similarly-situated venireperson who was also stricken because of her antagonistic attitude. The trial court overruled Movant's three *Batson* challenges….
>
> In his first point on appeal, Movant contends the motion court clearly erred in denying his claim without an evidentiary hearing in that trial counsel was ineffective for failing to respond to the State's alleged *Batson* violations during voir dire. Specifically, Movant argues his counsel failed to challenge the State's race-neutral reasons for its peremptory strikes of three African American venire members as pretexts for racial discrimination. We disagree.
>
> A "claim[] that trial counsel was ineffective for failing to raise a *Batson* challenge at trial [is] cognizable in a Rule 29.15 motion." *Scott v. State*, 183 S.W.3d 244, 247 (Mo. App. E.D. 2005); *Strong*, 263 S.W.3d at 646. This Court has previously found that "[f]ailure to object to improper jury selection methods could in a proper case constitute ineffective assistance of counsel affecting the fairness of a criminal trial." *Scott*, 183 S.W.3d at 247-48; *Kirk v. State*, 778 S.W.2d 661, 662 (Mo. App. E.D. 1989).
>
> The use of peremptory strikes of venirepersons on the basis of race is unconstitutional. *Batson v. Kentucky*, 476 U.S. 79, 106 (1986). A successful *Batson* challenge requires compliance with the following procedure:

---

2 *Batson v. Kentucky*, 476 U.S. 79 (1986).

> First, a defendant must challenge one or more specific venirepersons struck by the State and identify the cognizable racial group to which they belong. Second, the State must provide a race-neutral reason that is more than an unsubstantiated denial of discriminatory purpose. Third, the defense must show that the State's explanation was pretextual and the true reason for the strike was racial.

*State v. McFadden*, 191 S.W.3d 648, 651 (Mo. banc 2006) (footnotes omitted); *Johnson*, 406 S.W.3d at 906-07.

Here, the State used peremptory strikes to remove three African American venirepersons. Trial counsel raised *Batson* challenges to those strikes. The State then gave explanations as to why its strikes were race-neutral. The State provided three separate reasons for striking juror 912. The only response trial counsel offered to the State's explanations was that he did not see the venireperson make faces at the prosecutors as alleged. The State replied that it struck a similarly-situated venireperson for her antagonistic attitude. The trial court overruled Movant's *Batson* challenges.

On direct appeal, Movant asserted the trial court's decision to overrule his *Batson* challenges constituted error. This Court declined to review Movant's claim because the failure to challenge the State's race-neutral explanations during voir dire waived the *Batson* challenges and preserved nothing for appeal. Movant then filed a Rule 29.15 motion for post-conviction relief asserting trial counsel was ineffective for failing to challenge the State's race-neutral explanations as pretextual.

Even assuming trial counsel's failure to challenge the State's race-neutral explanations was constitutionally deficient performance, we find Movant's allegations that counsel's performance prejudiced him to be without merit. First, Movant argues he was prejudiced because had counsel properly challenged the State's race-neutral explanations, it was reasonably probable the trial court would have sustained Movant's *Batson* challenges, the three stricken venirepersons would have served on the jury, and the jury would have acquitted Movant or convicted him of lesser-included offenses. Movant's contention suggests that if selected for the jury, a venireperson−merely on the basis of her race−would acquit Movant or convict him of a lesser-included offense. As noted by our supreme court, "[t]his allegation is to engage, at best, in mere speculation and, at worst, in the stereotyping that *Batson* and its progeny strive to prevent." *Johnson*, 406 S.W.3d at 908 (quotation omitted).

Movant alternately argues he was prejudiced because if trial counsel had properly challenged the State's race-neutral explanations and the trial court had overruled Movant's *Batson* objections, there is a reasonable probability the *outcome of his appeal* would have been different. Not only does Movant ask us to assume the trial court would have erred by overruling a meritorious and properly-made *Batson* objection, but he also asks us to find prejudice simply because he was *precluded his right to appeal*. However an ineffective assistance claim based on failing to object to improper jury selection methods is reviewable

as long as the movant alleges that counsel's failure to object affected the fairness of his trial, as opposed to merely alleging that counsel's inaction precluded his right to appeal." *Scott*, 183 S.W.3d at 248. *See also Kirk*, 778 S.W.2d at 662. Thus, Movant's claim that counsel's inaction prejudiced his ability to appeal his conviction is not cognizable under Rule 29.15. *Kirk*, 778 S.W.2d at 662; *Strong*, 263 S.W.3d at 646 ("The failure to preserve error for appellate review is not cognizable in a Rule 29.15 motion.").

Movant also contends we should find a "presumption of prejudice" to satisfy the second prong of *Strickland*. He argues trial counsel's failure to comply with the third step of *Batson* constitutes "structural error" entitling him to a presumption of prejudice. Structural errors are "constitutional deprivations . . . affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). "Counsel's failure to raise a *Batson* objection, absent any attempt by [Movant] to demonstrate that unqualified persons served on the jury, does not amount to a structural defect that entitles him to a presumption of prejudice." *Strong*, 263 S.W.3d at 648. In addition, "the United States Supreme Court has never found that failure to raise a meritorious *Batson* challenge constitutes structural error." *Id.* at 648 n.6. Movant does not assert any biased or otherwise unqualified persons served on the jury and, accordingly, we find no structural error entitling Movant to a presumption of prejudice. *See also Scott*, 183 S.W.3d at 248 ("a movant is entitled to a presumption of prejudice resulting from counsel's ineffective assistance during the jury selection process only if the movant can show that a biased venireperson ultimately served on the jury.").

Thus, Movant does not establish trial counsel's failure to challenge the State's race-neutral explanations for its peremptory strikes prejudiced the fairness of his trial. The motion court did not clearly err in denying Movant's post-conviction claim. Point one is denied.

(Resp. Exh. I, PP. 4-5, 8-12).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim B
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Upon consideration the Court finds it unnecessary to consider the reasonableness of counsel's conduct, because Petitioner fails to demonstrate the requisite prejudice. *See Strickland*, 466 U.S. at 697 ("[i]f if it easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Petitioner here makes no effort to demonstrate that the results of his proceeding would have been different, had venirepersons Petty, Dailey and Foster not been stricken. Furthermore, an alleged failure adequately to pursue a *Batson* challenge is not a "'structural defect' which is presumptively prejudicial." *Young v. Bowersox*, 161 F.3d 1159, 1160-61 (8th Cir. 1998), *cert. denied*, 528 U.S. 880 (1999). As such, the decision of the state courts is supported by the evidence and in accord with federal law. *Johnson v. Luebbers*, Case No. 4:07CV690 CDP, 2009 WL 415539, at *8 (E.D. Mo. Feb. 18, 2009). Ground 1 of Petitioner's § 2254 petition must therefore be denied.

**B.      Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts that the trial court erred in overruling Petitioner's objection to the State's use of a bank robbery hypothetical to explain the principle of accomplice liability to the venire panel during voir dire. (§ 2254 Petition, PP. 7-9). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

> For his second point, defendant[3] contends that the trial court plainly erred in overruling his objection to the state's use of a bank robbery hypothetical during voir dire to illustrate accomplice liability because the jurors could not use accessory liability to find defendant guilty of first degree murder. Defendant concedes that he failed to preserve this point for review because he did not raise this argument in his motion for new trial. Rule 29.11(d); State v. McLaughlin, 265 S.W.3d 257, 273-74 (Mo. banc 2008).
>
> During voir dire, the state proposed a hypothetical bank robbery to the panel to determine whether any venireperson had a potential bias about accomplice liability. The state offered the following:
>
>> MS. ORWICK:       Now two of the counts in this case are robbery in the first degree and—and assault in the first degree as you heard yesterday. Now accomplice liability in Missouri or acting with another person basically means, that a Defendant when he works with another person to commit a crime is just as culpable or just as responsible as that other person for committing that crime. Now for example, I started to give you this example yesterday. And again, this example has nothing to do with this case. Let me stress that. But in this case of a bank robbery, let's say there are two men involved. And let's say that one man goes inside and actually takes the money and announces the robbery. But then he runs outside and there's a person waiting for him in a getaway car. So even though that man was in the get away car, was not involved in the things that happened inside, he is just as responsible for what happened inside that bank and for taking that money as he drove the other man away. They had a plan to make this happen. And they implemented that plan. And they worked together to make that happen. Does that make sense to everybody? I see lots of people shaking their heads, yes. And even some people saying uh-huh. Well, like I said, that example has nothing to do with this case but it's an important principle of the law that you will hear about throughout this case. Is there anyone here now hearing that example and knowing the law, who disagrees with it? Who thinks, you know what, that's just not fair and I cannot follow the Court's Instruction if it

---

3 Petitioner is referred to as "defendant" by the Missouri Court of Appeals.

instructs me on accomplice liability or acting with another?

      Because defendant did not preserve this error, our review, if any, is only for plain error. Rule 30.20. We will not review a claim of plain error under Rule 30.20 unless there are substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. State v. Chaney, 967 S.W.2d 47, 59 (Mo. banc 1998), cert. denied, 525 U.S. 1021 (1998). There are no extraordinary circumstances in this case to justify reviewing this argument as a matter of plain error. State v. Mosley, 980 S.W.2d 1, 3 (Mo.App. 1998). See State v. Gill, 167 S.W.3d 184, 192 (Mo. banc 2005); State v. Cummings, 134 S.W.3d 94, 107-10 (Mo.App. 2004). Point two is denied.

(Resp. Exh. E, PP. 6-7).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim B
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Under federal law, to establish a violation of due process based on [prosecutorial commentary], a habeas petitioner must show that the prosecutor's remarks were so egregious that they fatally infected the proceedings and rendered Petitioner's entire trial fundamentally unfair." *Jones v. Wallace*, Case No. 4:13CV1606 NCC, 2016 WL 3947745, at *6 (E.D. Mo. Jul. 14, 2016) (citations omitted). "A habeas petitioner can meet this burden only by showing that, absent the prosecutor's statement, there is a reasonable probability that the jury would have returned a different verdict." *Id.* (citation omitted). "The relevant question is whether the prosecutor[']s comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."

*Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotations and citation omitted).

The Eighth Circuit "has established a two-part test for reversible prosecutorial misconduct: (1) the prosecutor's remarks or conduct must have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Conrad*, 320 F.3d 851, 855 (8th Cir. 2003) (citations omitted). It further employs "the following three factors to determine the prejudicial effect of prosecutorial misconduct: '(1) the cumulative effect of such misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions taken by the court.'" *Id.* (quoting *United States v. Hernandez*, 779 F.2d 456, 460 (8th Cir. 1985)).

Upon consideration of the foregoing, the Court finds the state court's ruling is entitled to deference. In other words, even assuming the prosecutor's challenged hypothetical was improper, "there was no denial of Petitioner's right to due process or a fair trial based on the weight of the evidence against Petitioner and the instructions the trial court gave the jury." *Roberts v. Griffith*, Case No. 4:13CV2510 SNLJ/PLC, 2017 WL 2609095, at *15 (E.D. Mo. Mar. 31, 2017). Ground 2 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this  28th  Day of September, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE